IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR290** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **MAURICE E. HOLBERT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Second Revised Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 47). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to ¶¶ 22 and 30 which relate to the lack of a downward adjustment for acceptance of responsibility.

On October 3, 2005, the Defendant pleaded guilty to being a felon in possession of a firearm. On that same date, the Defendant was placed on pretrial release. While on pretrial release, on May 12, 2006, the Defendant was arrested and charged with possession with intent to distribute crack cocaine. Although the resulting charge is still pending, the Defendant admitted to law enforcement that he had been selling crack cocaine throughout the term of his pretrial release. Therefore, pursuant to U.S.S.G. § 3E1.1(a) and (b), the Second Revised PSR does not include credit for acceptance of responsibility.

The Defendant's argument is based on the application of § 3E1.1(a), which relates to accepting responsibility for the offense of conviction. However, the application notes accompanying § 3E1.1 provides:

1. In determining whether a defendant qualifies under subsection (a), appropriate considerations include, but are not limited to, the following:

   . . .

   (b) voluntary termination or withdrawal from criminal conduct or associations.

U.S.S.G. § 3E1.1 application note 1(b).

Clearly, by his own admission the Defendant has not voluntary terminated or withdrawn from criminal conduct or associations. The objection is denied.

IT IS ORDERED:

1. The Defendant's Objections to the Second Presentence Investigation Report (Filing No. 47) are denied;

2. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

2

4.	Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5.	Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 31st day of May, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge